IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BENJAMIN E. ISAAC, | : |
| Plaintiff, | : |
| VS. | : NO. 5:13-CV-447-MTT-MSH |
| STATE OF GEORGIA, *et al.*, | : |
| Defendants. | : |

### ORDER

Plaintiff **BENJAMIN E. ISAAC**, a state prisoner currently confined in Macon State Prison in Oglethorpe, Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in this action without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and requests court-appointed counsel. The Court has now conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), and finds that the Complaint (Doc. 1) fails to state a claim upon which relief may be granted. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) is thus **GRANTED** only for the purpose of this order, and Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED**.

### STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d

1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555; *see also*, *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

### STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of Plaintiff's state habeas action. In his Complaint, Plaintiff alleges that Macon County Superior Court Judge George M. Peagler, Jr. conducted the state habeas proceedings inside the prison, "where the general public was

unable to witness the court proceedings;" ignored law and evidence in his case; and wrongly denied him habeas relief. Petitioner seeks to recover "punitive damages" against Judge Peagler, the State of Georgia, and/or Macon County. He also seeks an injunction requiring the Superior Court of Macon County to hold all habeas proceedings open to the public, stop denying petitions because of procedural defaults, uphold the laws, and expose corruption.

Upon review, the Court finds that the claims raised in Plaintiff's Complaint are neither novel nor complex, and thus he is not entitled to a court-appointed attorney. *See Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987). Plaintiff's Motion for Appointment of Counsel is thus **DENIED**. Furthermore, even if his allegations are true, Plaintiff's Complaint seeks relief from immune defendants and otherwise fails to state a claim upon which relief can be granted; his Complaint shall accordingly be **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b).

    A. <u>Plaintiff's Claims against the State of Georgia</u>

Plaintiff may not sue the State of Georgia. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989)); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 2, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985) ("A State cannot be sued directly in its own name regardless of the relief sought"). *See also, Will v. Michigan Dep't of State Police*, 491 U.S. 98, 71 (1989) (state and its agencies are not "persons" for purposes of section 1983 liability).

B. <u>Plaintiff's Claims against Judge Peagler</u>

Plaintiff also cannot recover money damages against Judge Peagler. As a state judge, Judge Peagler is absolutely immune in a § 1983 suit for damages for judicial acts done within the jurisdiction of the court. Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff – even if the acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous or corrupt, or done pursuant to bribe or conspiracy. See *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Wahl v. McIver*, 773 F.2d 1169 (11 Cir. 1985); *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985). A judge acts "in clear absence of all jurisdiction" only when "the matter upon which the judge act[s] is clearly outside the subject matter jurisdiction of the court over which he presides." *Bonner v. Duncan*, 2013 WL 3353988, at * 2 (N.D. Fla. July 3, 2013) (citing *Dykes*, 776 F.2d at 947).

In this case, Plaintiff's Complaint alleges that Judge Peagler erred both procedurally and substantively when denying his petition for habeas relief. However, Plaintiff does not allege any facts suggesting that, when ruling on the petition, Judge Peagler acted in "clear absence of all jurisdiction." The actions taken by Judge Peagler, with respect to Plaintiff's habeas petition, were taken in his judicial capacity and within his jurisdiction. See *Waterfield v. Law*, ___ F. App'x ___, 2013 WL 5764661, at *2 (11th Cir. Oct. 25, 2013) ("actions taken by the [j]udges with respect to [plaintiff's] post-conviction motion were taken in their judicial capacity"); *Waterfield v. Laboda*, 518 F. App'x 667, 667 (11th Cir.2013). Judicial immunity thus precludes Plaintiff's recovery of damages against Judge Peagler. *Id.*

Plaintiff is also not entitled to injunctive relief. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Federal courts likewise do not have jurisdiction to direct state courts or their judicial officers in the performance of their duties. *Moye v. Clerk, DeKalb Cnty Superior Court*, 474 F.2d 1275, 1276 (11th Cir. 1973).

### C. Plaintiff's Claims against Macon County

Plaintiff has also failed to state a claim against Defendant Macon County. A municipality can be sued directly under § 1983 only for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't. of Soc. Serv.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also, Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) ("A governmental entity is not liable under § 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees."). Plaintiff's Complaint does not allege facts suggesting that he suffered a constitutional deprivation because of a policy statement, ordinance, regulation, or decision adopted by the County.[1]

### E. Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine further bars the Court from considering Plaintiff's claims. Under the *Rooker-Feldman*, a United States District Court has no authority to review the final judgments of a state court, except in the context of an application for a writ

---

[1]. The "Macon County Superior Court" is not a named defendant in his action; however, Plaintiff does request injunctive relief against the Superior Court. Any intended claim against the Macon County Superior Court would fail. A state court is not an entity that can be sued under §1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Furthermore, as stated above, this Court does not have the authority to direct state courts or their judicial officers in the performance of their duties. *Moye*, 474 F.2d at 1276.

of habeas corpus or general constitutional challenge to a state rule or statute. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). Thus, when a plaintiff files a civil rights action related to an issue he has already litigated in state court, the district court must determine whether the plaintiff seeks constitutional review of a rule or statute that was relied upon by the state court or, instead, contends that the state court committed a constitutional error in arriving at its decision. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Brown & Root, Inc., v. Breckenridge*, No. 99 Civ. 1831, slip op. at 4–5 (4th Cir. May 2, 2000). "A district court has jurisdiction to hear suits concerning the former but not the latter. *Id.*" *Pugh v. Windom*, No. 2:13–cv–0509, 2013 WL 6145642, at *2 (M.D.Ala. Nov. 21, 2013). Plaintiff's suit falls within the latter category. This Court therefore lacks jurisdiction to consider Plaintiff's challenge to the state court's denial of his habeas petition.[2] *See Carey v. Free*, 272 F. App'x 875, 876 (11th Cir. 2008).

---

[2] To the extent Plaintiff's Complaint can be liberally construed as challenging the validity of a state rule or statute allowing for habeas proceedings to be conducted within the prison, Plaintiff's allegations still do not describe a violation of Plaintiff's Sixth Amendment right to a public trial. Habeas corpus proceedings "are civil proceedings not covered by the Sixth Amendment which applies only during the pendency of the criminal case." *Williams v. Missouri*, 640 F.2d 140,144 (8th Cir.1981); *See also Birt v. Montgomery*, 709 F.2d 690, 704 n. 2 (11th Cir.1983) (the Sixth Amendment right "to secure witnesses' testimony" does not apply to habeas corpus proceedings, because such proceedings are civil in nature); *Santibáñez v. Wier McMahon & Co.*, 105 F.3d 234, 242-43 (5th Cir.1997) (protections of Sixth Amendment do not apply to civil proceedings).

## CONCLUSION

For these reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. §1915A(b).

**SO ORDERED** this 12th day of December, 2013

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr